IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD H. CAREY,

      Petitioner,                No. CIV S-07-1642 MCE KJM P

    vs.

D.K. SISTO, Warden,           <u>ORDER AND</u>

      Respondent,              <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254 , together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

        The petition contains eight grounds. Four of these challenge the March 9, 2006 denial of parole; four challenge petitioner's 1995 Sonora County conviction for mayhem.

/////

/////

/////

1

The habeas statutes contain a statute of limitations for filing petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction was final before the 1996 enactment of the AEDPA, so the statute of limitations as to his challenges to that conviction expired April 23, 1997, absent any tolling. Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The statute of limitations is tolled during the pendency of any properly filed state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). Petitioner notes that he filed a state habeas petition in the superior court on January 14, 1998, after the statute of limitations expired. This petition did not revive the statute as to the claims relating to petitioner's conviction. Similarly, his later petitions, filed in the state superior court, Court of Appeal and Supreme Court in 2006 and 2007, challenging both the parole proceedings and his conviction do not revive the statute of limitations as to the attacks on his conviction.

/////

/////

/////

Vroman v. Brigano, 346 F.3d 598, 601-02 (6th Cir. 2003); Pet., Ex. H (denials).[1]  Accordingly, these claims are not cognizable in this action.

However, since petitioner may be entitled to relief if the claimed violation of constitutional rights contained in grounds one through four is proved, respondents will be directed to file a response to those portions of petitioner's habeas petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. Respondents are directed to file a response to grounds one through four of petitioner's habeas petition within sixty days from the date of this order.  See Rule 4, Fed. R. Governing § 2254 Cases.  An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition.  See Rule 5, Fed. R. Governing § 2254 Cases.  Because this petition challenges a denial of parole, the relevant documents should include the transcript of the transcript of the March 9, 2006 parole hearing[2] and any documents, reports, exhibits or letters considered by the panel;

3. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

4. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondents' reply, if any, shall be filed and served within fifteen days thereafter; and

/////

/////

---

[1] Both the superior court and the Court of Appeal found that the attacks on the underlying conviction were not timely, among other things.

[2] If respondent agrees that the transcript attached as an exhibit to the petition is complete and correct, he need not provide a second copy to the court, but may simply note his acceptance of this transcript in his answer.

3

1        5. The Clerk of the Court shall serve a copy of this order together with a copy of
2  the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell,
3  Senior Assistant Attorney General.
4        IT IS HEREBY RECOMMENDED that claims four through eight of the petition
5  be dismissed.
6        These findings and recommendations are submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
8  days after being served with these findings and recommendations, plaintiff may file written
9  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
10 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
11 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
12 F.2d 1153 (9th Cir. 1991).
13 DATED: December 4, 2007.

                                                         U.S. MAGISTRATE JUDGE

2
care1642.100+56(8-10)