1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10    RICHARD H. CAREY,

11              Petitioner,                    No. CIV S-07-1642 MCE KJM P

12        vs.

13    D.K. SISTO, Warden,

14              Respondent.                    FINDINGS AND RECOMMENDATIONS

15    _____/

16              Petitioner is a state prison inmate proceeding pro se with a petition for a writ of

17    habeas corpus challenging a March 9, 2006 denial of parole.[1]   Respondents have filed a motion

18    to dismiss, arguing that this court cannot reach the issues in the petition because of petitioner's

19    /////

20    /////

21    /////

22    /////

23    /////

24    _____

25       [1]  The petition included challenges to petitioner's underlying conviction, but these were
dismissed because they were filed beyond the statute of limitations.  See Order filed Mar. 4, 2008
26    (Docket No. 9).

1

1  procedural default in state court.  Respondent relies on the state Court of Appeal's denial of

2  petitioner's state habeas petition which reads, in relevant part:

3        The petition for writ of habeas corpus filed in this court on
       December 27, 2006, is denied.
4
       Petitioner's parole-related claims are denied for failure to provide
5      the full record needed to evaluate them.  (*People v. Duvall* (1995) 9
       Cal.4th 464, 474.)  They are also denied because the record, as
6      presently constituted, does not support petitioner's contentions.  In
       addition, his fourth ground is rejected because the contentions
7      offered in support of it are conclusional.  (*In re Swain* (1949) 34
       Cal.2d 300, 302.)
8

9  Motion to Dismiss (MTD), Ex. 1 at 2.[2]  The petition filed in the Court of Appeal raised the

10 following challenges to the denial of parole:   (1) petitioner's right to due process was violated

11 when the board used petitioner's commitment offense to show unsuitability; (2) petitioner's right

12 to due process because the denial of parole was not based on reliable evidence; (3) petitioner's

13 right to due process was violated because the denial of parole was not based on individualized

14 considerations but was instead arbitrary and capricious; and (4) petitioner's right to a fair hearing

15 was violated because he was denied access to reasonable assistance to prepare for the hearing and

16 the board failed to consider relevant documents presented by petitioner.  The petition was

17 supported by several exhibits relating to the claim that he was improperly denied parole: Exhibit

18 A is a transcript of the decision portion of the March 9, 2006 parole hearing; Exhibit B is a

19 transcript of the decision  portion of an August 19, 2003 parole hearing; Exhibit C is a transcript

20 of the decision portion of the August 28, 2001 parole hearing; Exhibit D is a psychosocial

21 assessment dated February 9, 2006; Exhibit E is a psychosocial assessment dated March 8, 2001;

22 Exhibit F is a page from the August 19, 2003 parole hearing.  MTD, Ex. 1 at 23-69.

23        The California Supreme Court denied petitioner's petition for review without

24 comment.  MTD, Ex. 2 at 2.  Accordingly, this court will "look through" the Supreme Court's

25 _____

26       [2]  Because the exhibit is not paginated, the court refers to the page numbers assigned by
   the court's ECF system.

                                    2

1   silent denial to the Court of Appeal's decision, which is the last reasoned opinion in the state

2   habeas proceedings, to determine whether the instant federal petition is barred.  Ylst v.

3   Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment

4   rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same

5   claim rest upon the same ground.").

6          Respondent argues that the California Court of Appeal's citation to People v.

7   Duvall, 9 Cal.4th 464 (1995), erects an insurmountable procedural barrier to this court's

8   consideration of the merits of petitioner's claims.

9          A federal court will not review a claim of federal constitutional error raised by a

10   state habeas petitioner if the state court determination of the same issue "rests on a state law

11   ground that is independent of the federal question and adequate to support the judgment."

12   Coleman v. Thompson, 501 U.S. 722, 729 (1991).  This rule also applies when the state court's

13   determination is based on the petitioner's failure to comply with procedural requirements, so

14   long as the procedural rule is an adequate and independent basis for the denial of relief.  Id.

15          In People v. Duvall, the California Supreme Court described some of the

16   procedural requirements for state habeas petitions:

17          To satisfy the initial burden of pleading adequate
           grounds for relief, an application for habeas corpus
18          must be made by petition, and "[i]f the
           imprisonment is alleged to be illegal, the petition
19          must also state in what the alleged illegality
           consists." The petition should both (i) state fully and
20          with particularity the facts on which relief is sought,
           as well as (ii) include copies of reasonably available
21          documentary evidence supporting the claim,
           including pertinent portions of trial transcripts and
22          affidavits or declarations.  "Conclusory allegations
           made without any explanation of the basis for the
23          allegations do not warrant relief, let alone an
           evidentiary hearing."

24

25   9 Cal.4th at 474 (internal citations omitted).  The Ninth Circuit has held that a citation to Duvall,

26   in tandem with a citation to In re Swain, 34 Cal.2d 300, means that a defendant has failed to

3

1   exhaust state remedies  because the petitioner is being given an opportunity to amend his

2   pleadings to "allege with sufficient particularity the facts warranting habeas relief."  King v. Roe,

3   340 F.3d 821, 823 (9th Cir. 2003), abrogated on other grounds by Evans v. Chavis, 546 U.S. 189

4   (2006).  A citation to that portion of Duvall relating to the necessary evidentiary support for a

5   petition is similarly curable unless the documentary evidence was not "reasonably available" to

6   petitioner.  Cf. Kim v. Villalobos, 799 F.2d 1317, 1320 (9th Cir. 1986).  Accordingly, the state

7   court's Duvall citation does not erect a procedural barrier in this case, but may translate into a

8   determination that the claims have not been exhausted.  Of course, the exhaustion of state court

9   remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C.

10  § 2254(b)(1).

11          Petitioner did supply the Court of Appeal with the decisional portion of the

12  challenged parole proceeding along with the psychosocial evaluation prepared in anticipation of

13  the hearing.  The appellate court found that these materials were insufficient support for the first

14  three claims of his petition.  See MTD, Ex. 1 at 2, 24-36 & 53-58.   Petitioner argues that this

15  decision on the merits allows the federal court similarly to reach the merits of his claim.

16  Opposition (Opp'n) at 3.

17          In Harris v. Reed, 489 U.S. 255, 264 n.10 (1989), the Supreme Court explained

18  that a state court's rejection of a claim as both procedurally barred and on the merits does not

19  undermine the application of the bar.  However, the state court's Duvall citation does not erect a

20  procedural bar in this case but raises a failure to exhaust.  Moreover, despite the procedural

21  irregularity it found in the state petition, the Court of Appeal reached the merits of the first three

22  claims.  As the Supreme Court has recognized, the exhaustion requirement has been satisfied

23  "where the State has actually passed upon the claim. . . ." Castille v. Peoples, 489 U.S. 346, 351

24  (1989); see also Greene v. Lambert, 288 F.3d 1081 (9th Cir. 2002)  (claim is exhausted when

25  state court overlooks procedural problem and addresses the merits).

26  /////

1        As to the fourth claim, the state relied on <u>Swain</u> and arguably on <u>Duvall</u> without

2  making an additional determination on the merits.  Accordingly, the fourth claim in the instant

3  petition, which corresponds to the fourth claim in the state petition, is not exhausted and must be

4  dismissed.[3]

5        Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

6  dismiss be granted as to claim four but denied as to claims one through three of the petition.

7        These findings and recommendations are submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

9  days after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

12  shall be served and filed within ten days after service of the objections.  The parties are advised

13  that failure to file objections within the specified time may waive the right to appeal the District

14  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15  DATED:  February 6, 2009.

16

17  _____

18  U.S. MAGISTRATE JUDGE

19

20  2
care1642.157

21

22

23

24      [3]   In the previous findings and recommendations, this court recommended that
petitioner's claims about his underlying conviction, claims five through eight of this petition, be

25  dismissed as time-barred.   Docket No. 4.  The order adopting these findings dismissed claims
four through eight.  Docket No. 9.  The reference to four instead of five in the order appears to

26  have been inadvertent.